# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 19-356 |
| | : | |
| ANDREW BERKOWITZ | : | |

## O R D E R

On January 24, 2020 Defendant Andrew Berkowitz pled guilty before me to nineteen counts of healthcare fraud and twenty-three counts of distribution of Schedule II and Schedule IV controlled substances. As part of his scheme, which lasted some four and a half years, Defendant submitted $9,376,214 in fraudulent insurance claims, sold oxycodone to pill-seeking patients, and provided patients with "goodie bags" containing medically unnecessary prescription drugs, including several Schedule IV substances. (Doc. No. 47.) Defendant faces a maximum sentence of 635 years' incarceration, a $27,000,000 fine, and up to lifetime supervised release. (Id.) After holding a detention hearing, I revoked Defendant's bail.

Once a defendant is found guilty and is awaiting imposition of sentence, the Court shall order detention unless it finds "by clear and convincing evidence" that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Indeed, when a defendant at pre-trial is charged with controlled substance offenses, there is a presumption that he is a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(3)(A). Defendant has not met his burden under either standard.

Defendant presented no evidence at the detention hearing. Rather, he argued that because he had surrendered both his passport and his medical license, he was neither a flight risk or a danger to the community. I disagree.

Defendant's financial means and pervasive dishonesty—along with the possibility of a lengthy term of imprisonment in this matter—suggest Defendant is a flight risk. There is ample evidence that Defendant has abundant assets. He has agreed to pay $3,511,053 in restitution and $2,788,947 in civil penalties before sentencing (currently scheduled for May 4, 2020). (Doc. No. 47.) Defendant has also admitted to receiving approximately $3,400,000 in proceeds from his crimes. (Id.) Those assets make his flight risk more likely. See United States v. Mustakeem, 759 F. Supp. 1172, 1177 (W.D. Pa. 1991) (considering "financial ability to flee" when assessing flight risk). Moreover, although counsel stated Defendant has stopped practicing medicine, he has yet to surrender his DEA "license," explaining that he "misplaced" it.

Plainly, Defendant has not presented clear and convincing evidence of anything. Like any other drug dealer, he does not need a DEA license to break the law—although Defendant still has that license. Moreover, given the immense maximum sentence he faces, the immense sums he admits to having earned illegally, and his prolonged and outrageous dishonesty and fraud, he is an obvious flight risk.

In these circumstances I will order Defendant's detention.

**AND NOW**, this 24th day of January, 2020, it is hereby **ORDERED** that Defendant's Bail is **REVOKED**. Further, my January 24th, 2020 Bail Order (Doc. No. 48) is **VACATED** and **REPLACED**.

                                                      **AND IT IS SO ORDERED.**

                                                      */s/ Paul S. Diamond*

                                                      Paul S. Diamond, J.