In The United States District Court

For The Eastern District Of Pennsylvania

United States of America :
:
v.                : Case NO. 19-356
:
Andrew M. Berkowitz  :

---

Reply Brief in Support of
HABEAS and Opposition of
Out of Time Government
Response

---



And now Comes Andrew Berkowitz pro se and files as a courtesy to the court the following;

Summary of Response

The Government's Entire response seems to be based on a "lack of jurisdiction" which it undermines in its cases cited; however "it ignores" the jurisdictional time for response has "expired" and its entire response must be ignored;

II. Section 2241 p. 5;

Cody v. Vaughn, 251 F.3d 480 (3rd Cir 2001) states at 484;
Section 2241 confers jurisdiciton on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in viola-tion of the Constitution or laws or treaties of the United States."

Jurisdiction "exists"!

The Government's response is "misleading" where at 485 the Opinion states, In reaching our conclusion that section 2254 is the controlling statute in the circumstance before us,...
Thus section 2441 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his senten-ce... not at issue here?

1

More correct is "the government's citation"; A Federal prisoner can seek relief under 28 USC § 2241 if the remedy .... is "inadequate or ineffective" to test the legality of his or her detention.... Pp. 5-6;

Clearly made part of the petiton is yet another "jurisdictional statute" 28 USC § 1652 "indicating if as here", in a pre-trial setting "a petition seeks to compel the court to USE the Greater Protections afforded to Pennsylvania Citizens he may do so in any "civil pleading", but "cannot invoke" the greater protections of the Pennsylvania Constitution in a Federal Criminjal process. Ipso facto "filing a motion to withdraw a guilty plea "gives the Prosecution an advantage"";

As such Government's response p. 6 says... This occurs "only when the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner receiving adequate adjudication of his or her claims, Cradie, 290 F.3d at 538....

So petitioenr indicated "Article I Sectiopn 10 of the Pennsylvania Declaration of Rights provides greater protections from "prosecutorial abuse""than does the 5th Amendment, and only 28 USC § 1652 "requires that additional protection to be used as rules of decisions"... and that can only happen "pre-trial in HABEAS 2241";

### Ineffective Assistance

As of 2/19/2019 The Supreme Court indicated that when a defendant "orders his attorney:" to take action on a procedural matter "and the attorney refuses" that by itself is "inneffective assistasnce" [standing alone] it does not depend on whether "the prosecution feels the effort would be successful";

none the less, the entire reason for using 28 USC § 1652 was to "compel the added protections" [in the fair trial] requiremen to "force the separation of charge" under Article I Section 10;

Of great importance, Andrew Berrkowitz indicated "the only reason he accepted the guilty plea" was his "attorney's threat that if he did not accept the deal he would be indicted for 3rd degree murder" [without investigation] and now "the Government admits in writing ... "there was insufficient evidence to charge him with Perrson 2's death.""... p. 13;

Proving beyond all doubt the "Strickland Burden has been met". Garza v. Idaho citing Cronic, 466 U.S. 659, page 10 of the 2241, HABEAS;

## Government's Abusive Conduct

Footnote 2 of the Presentence investigation report;

"As per the plea memo, AM's last appointment with Berkowitz was on August 30, 2016 at which time Berkowitz dispensed Schedule IV controlled substance and also gave AM a prescription for 46 pills of Oxycodone (10 mg.). AM died on September 4, 2016 The City of Philadelphia Medical Examiner listed Drug Intoxication as the cause of death. At the time of death, AM was obtaining Oxycodone from another physician in addition to Berkowitz."

P.24 Line 8-12;

.... The Defendant favorably noted that the Person 4 had IBC insurance. While he refused to prescribe the same amount as Person 4's previous physician, the defendant agreed, quote/unquote, to do three a day of 10's, which referred to oxycodone 10 milligram pills.

Translation "Dr. Berkowitz cut in half what Person 4 was receiving, and aparently Person 4 got the 60's and killed himself" that is referenced out of context as if "a crime"?

The record is replete with this type of problem.

## Article I Section 10

As referenced in the HABEAS p. 11, if in Pennsylvania a defendant can prove "the government threatened 3rd degree murder" knowing it was "legally impossible" to convict, as a means of

3

obtaining a "guilty plea" it is grounds to "dismiss the indict-ment with prejudice"; Whereas in Federal Court it is not. As such "not knowing about the defense" is not a crime however "failing to do the research" as to the defense is ineffective assistance of counsel. United States v. Phea 953 F.3d 838 (5th Cir 3/31/2020);

> Page 11 of the "HABEAS" The petitioner is makeing a Constitutional Challenge under the Pennsylvania Double Jeopardy Clause Article I Section 10 attacking the constitutionality of the process used in the prosecution....

Before trial... P.12.

We now hold the Double Jeopardy Clause of the Pennsylvania Constitution prohibits ...[trial]... of a defendant not only when the conduct of the prosecutorial misconduct is intended to provke a ... mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of denial of a fair trial 615 A.2d at 325.

For clarity "if it is proven" that the Drug Charges are not a crime then "the entire prosecution comes into question";

Having received a "written statement" there never was sufficient evidence to "bring murder charges" clearly the plea deal was "extorted" on false information.

So "either Neff was lying" [and ineffective] or the prosecution lied to Neff "and he did not challenge" the murder threat.

## Conclusion

There is and always was Federal Jurisdeiciton under 28 USC § 2241(c)(3), and Garza v..Ido provides all that is needed to withdraw the plea. Article I SEC 10 says "it had to be in a civil pleading" due to 28 USC § 1652, and The Chargers must be severed under PA's Protections "to provide a fair trial" or the entire indictment can be "dismissed with prejudice".

If the "forum was Federal and Criminal" the "argument would have been different." It was in fact "HABEAS" and the Government Waived its opportunity to "file a res-ponse as 7/23/2020 "is jurisdictionally out of time".. and even if it were a mandatory claims processing rule as to "time" the response must be stricken.

There is no need for Judge Diamond to recuse as to 19-356, the question was raised as to assignment for 20-3351.

_____
Andrew Berkowitz (77307-066)
FDC
PO BOX 562
Philadelphia, PA 19105

_____
Keith Dougherty (76873-067)
FDC
PO BOX 562
Philadelphia, PA 19105

Certification of Service

I Andrew Berkowitz do hereby certify a copy of the foregoing has been mailed in the prison mail box

system where all parties can obtain copies through the ECF

Kate Barkman
District Court Clerk
601 Market Street
Philadelphia, PA 19106

_____

Andrew Berkowitz (77307-066)

FDC
PO BOX 562
Philadelphia, PA 19106

⇔77307-066⇔
Andrew Berkowitz
PO BOX 562
Federal Detention Center
Phila, PA 19106
United States

U.S.M.S.
X-RAY

Legal Mail

PHILADELPHIA, PA
29 JUL 2020 PM

District County Clerk
601 Market Street
Philadelphia, Pa, 19106
Attn Kate Barkman

19106-260699