In The United States District Court
For The Eastern District Of Pennsylvania

Ex Parte Andrew Berkowitz : No. 20-CV-3351
      Petitioner :

---

Motion to Transfer to the 3rd Cir for "craft"-ing a "remedy" as under Burkett II (951 F.2d 1446)

---

And now comes Andrew Berkowitz pro se and files this motion for transfer to the 3rd Cir's Concurrent Jurisdiction under 28 USC § 2241(c)(3) and 28 USC § 2243; in the alternative as a "notice of appeal";

Summary

Habeas corpus petitions brought to challenge pretrial detention ordinarily proceed under 28 USC § 2241 and therefore are not subject to the strictures of AEDPA. See e. g. Gouveia v. Espinada 926 F.3d 1102, 1111-12 (9th Cir 2019) ("Because our review of petitioner's double jeopardy claim proceeds under § 2241, the deference owed to a ... court under § 225X... is not applicable [emphasis added];... instead we apply the same standard of review as applied on direct appeal");

It does not matter "that the Diamond Court and MS Leahy object to the "petitioner's use of 28 USC § 1652" as "the only means of forcing the Federal Court to use "Pennsylvan-ia's version of" Double Jeopardy, Article I Section 10, due to the Fact... Judge Diamond and MS Leahy "reproduced a Bowles v. Russell disaster" identically.

In Bowles "the District Court indicated a date within which the attorney could file a notice of appeal that had been "re-opened" that was 3 days "more than the statute allowed""; Here without reference to whether the Government "cited good cause" in violation of 28 USC § 2243 (within 3 days) the Court granted the Hapless Government attorney until 7/23/2020 to file a re-

1

sponse, and it is "settled law" that the Attorney and the attorney alone is "required to check the docket and the law and any rules to ensure "its client" does not suffer for the "Court's" lack of "compliance"... with the law";

> III
> "Jurisdiction," the court has observed, "is a word of many, too many, meanings." Kontrick v. Ryan, 540 U. S. at 454, 124 S. Ct. 906, 157 L. Ed. 2d 867 (quoting Steel Co. v. Citizens for Better Enviroment, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). In recent years, the Court has undertaken "[t]o ward off prolifigate use of the term." Sebelius v. Auburn Region al Medical Center, 568 U.S. 145, 153, 133 S. Ct. 817, 184 L. Ed. 2d 627 (2013). As earlier noted, see supra, at __, (204 L. Ed. 2d 125) 204 L. Ed. 2d 122, (204 L. F 2d LEdHR6) the word "jurisdiction" is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction). Kontrick, 540 U.S. at 455, 124 S. Ct. 906, 157 L. Ed. 2d 867.
>
>> [premature is a "half-hearted attempt" at Gnostic Law] "implying "it is secret" as why "Judge Diamond can "suspend habeas" to cover-up his Bowles v. Russell violation, and it is a Lozman v. Riveria Beach Tactic to Order the Clerk to "close the case" (civil docket) without "tribunal jurisdiciton" and order Psych Evaluation... as a "threat""... to control the outcome.
>
> (139 S. Ct. 1849) Congress may make other prescriptions jurisdictional (28 USC § 1657/28 USC § 1652) [20 days from filing in the "prison Mailbox system"] (7/1/2020 + 20 = 7/21/2020) incorporating them into a jurisdictional provision, as Congress has done with the amount-in-controversy requirement for federal-court diversity jurisdiction. See 28 USC § 1332(a) ("The District court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000... (even for Keith Dougherty)... and is between (1) citizens of different states..." (even if "an artificial entity" [appearing pro se]).". In addition, the Court has stated it would treat a require ment as "jurisdictional" when "a long line of [Supreme] Cour[t] decisions left undisturbed by Congress" attache a jurisdictional label to the prescription. Unitted Pacific R. Co. v. Locomotive Engineers, 558 U.S. 67, 82 130 S. Ct. 584, 175 L. Ed. 2d 428 (2009) (citing **Bowles v. Russell**, 551, U.S. 205, 209-211, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007)). See Also John R. Sand & Gravel Co. v. United States, 552 U.S. 130 132, 128 S. Ct.

2

750, 169 L. Ed. 2d 591 (2008); Fort Bend County, v. Davis, 139 C. Ct. 1843; 204 L. Ed. 2d 116 (2019); uncontroverted

It remains "unctroverted" Andrew Berkowitz Filed his Habeas as of 7/1/2020 and the Government's response was docketed as of 7/23/2020 as such "the response is jurisdictionally out of time" and notr even the Supreme Court "can extend the time" to allow MS Leahy to be "heard on the merits";

Default was "sought by the petitioner" as of 7/15/2020, as part of the Petition a 28 USC § 144 "affidavit" was filed "prohibiting Judge Diamond" from taking "any action" related to "the civil case" [even if] there is no refernce to "good cause" and no "motion filed" citing "excusable neglect".

Regardless "Andrew Berkowitz" has "prevailed by default of the Prosecution"; and as such "all items contained within the petition are deemed admitted";

1. Andrew Berkowitz "properly" withdrew his "guilty plea";

2. The Government "only combined the drug charges" [that Andrew did not commit] to "deny a fair trial" related to "the insurance fraud charges";

3. Andrew had only "agreed to sign the plea deal" on advice of "incompetant counsel" due to the "threat of a 3rd degree murder charge" [as a Government Over-reach] to "achieve a guilty-plea" (when the Government failed to provide that information (exculpatory) that it could never have "indicted") in violation of Pennsylvania's Double Jeopardy Case Law.

3

4. The Government and Court having "defaulted as to the HABEAS" Leaves only the "crafting of the remedy"; Burkett II provides Circuiut precedent for "concurrënt jurisdiction" when a remedy "is to be crafted"; Citing Supreme Court precedent as follows:

> A later opinion by the Supreme Court reinforces our authority to grant relief. In Hilton v. Braunskill, 481 U.S. 770 (1987), the Court concluded:
>
> > We think it would make little sense if this broad discretion allowed in fashioning the judgment granting relief to a habeas petitioner were to evaporate suddenly when either the district court or the court of appeals turns to consideration of whether the judgment granting habeas relief should be stayed pending appeal. Burkett II, (951 F.2d 1446);

5. As of 7/20/2020 Preliminary Injunction as to ED pro se rules was filed in the "prison mailbox system";

Default as to Preliminary Injunction

> However, "a consequence of the entry of default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Whelan v. A Ward Enters. No. 01-2874, 2002 U.S. Dist. LEXIS 13735, 2002 WL 1745614, at *2 (E.D. Pa. July 23, 2002) (quoting Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir 1990)). Therefore, the allegation of infringment is taken as true (2007 U.S. Dist LEXIS 10) for the purpose of the instant motion only and the court wil issue a permanent injunction. See Id. Berg Manufacturing [here "self-representation for corporations and associations" pursuant to 28 USC § 1654, Burwell v. Hobby Lobby/ Little Sisters of the Poor "closely held entities are entitled to statutory protection under 28 USC § 2072(b) "substantive right of self-representation";

Stipulated Facts

1. Andrew Berkowitz filed a Habeas petition as of 7/1/2020;

2. Notice was filed by ECF as of 7/6/2020;

3. Pursuant to 28 USC § response was due as of 7/9/2020 unless for "good cause" more time was requested not to exceed 20 days.

4. As of 7/1/2020 Andrew Berkowitz filed a 28 USC § 144 affidavit prohibiting any action by Judge Diamond; Petition Pp.6-7.

5. As of 7/9/2020 as ECF 77; Judge Diamond "without tribunal jurisdiction" filed "only in the criminal docket" [without any notice to the Petitioner] and order to the Government to file a response no later than July 23, 2020.

6. As of 7/28/2020 Judge Diamond issued an order dismissing 20-3351 "filed by the clerk" as of 7/14/2020 (by order issued in the criminal docket);

7. The Only Government response "received" indicates it was filed 7/23/2020 and at paragraph 1 properly "recognizes" the petition was filed under 28 USC § 2241 (omitting reference to the Pennsylvania Double Jeopardy Clause), and improperly referncing at paragraph 2 Section 2241 is not applicable.

8. The Order ECF 5 "absent any tribunal jurisdiction" provides, "any habeas challenge is premature"... paragraph 2, and at 2. Defendant's "motionm for Preliminary Injunction" (20-cv_03351, Doc. No. 4) is Denied.

9. As of 8/13/2020 petitioner filed a "motion for reconsideration" in the Prison "mailbox system" Docketed in ECF 20-CV-3351 as of 8/18/2020;

10. As of 8/21/20 Judge Diamond "without any jurisdiction" denied the motion in a "brilliantly worded explanation" indicating "Denied"... as the entirety of his explanation.

Argument

Consistent with Document 2 page 3 of 5 "the HABEAS Filing Fee" is $5, and the 3rd Cir has "concurrent jurisdiction" thereby making any "payment of an appeal filing fee as punitive";

Under Bowles as cited herein p. 2 "the writ must be granted"

5

and the Circuit retains concurrent jurisdiciton to fashion the remedy. Burkett v. Fulcomer 951 F.2d 1431, 1446 (3rd Cir 199: where here the Government is undeniably in default.

Conclusion

By virtue of the Government response being two days late the appropriate action would be for the 3rd Cir to "create a remedy", without any additional filing fees.

_____
Andrew Berkowitz (77307-066)
FDC
PO BOX 562
Philadelphia, PA 19105

_____
Keith Dougherty (76873-067) [Friend member of the Church of Philadelphia];

FDC
PO BOX 562
Philadelphia, PA 19105

E.D. Pa. Pro Se Notice, *approved by Chief Judge Sánchez on January 21, 2019*

to pay the entire $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA) regardless of the outcome of your case. *See* 28 U.S.C. § 1915(b). The Court does not have the authority to waive that requirement. You will not be entitled to the return of payments made toward the fee for any reason, even if your case is dismissed before service in accordance with laws that require the Court to screen *in forma pauperis* cases and cases filed by prisoners. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. If you filed a petition for a writ of *habeas corpus*, the filing fee is $5.00. If you are granted leave to proceed *in forma pauperis* in a *habeas* case, you are not required to pay the filing fee.

**Screening Requirements**: Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court screens all civil cases filed by prisoners, whether the prisoner pays the filing fee and administrative fee upfront or is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also screens all civil cases in which a plaintiff who is not a prisoner has been granted leave to proceed *in forma pauperis*. As soon as an Order is issued, a copy will be mailed to you. The Court generally will not appoint counsel, rule on motions, serve your Complaint on the Defendant(s), or require an Answer until after the screening process is complete.

**Service**: If you filed a motion to proceed without prepaying the filing fee (*in forma pauperis*) and the Court grants your motion, the Court will direct service on your behalf. The Clerk's Office will not issue summonses in your case or direct service unless your motion to proceed *in forma pauperis* is granted and the Judge in your case directs service. You may be required to complete forms (USM-285 forms) so that service can be made in your case. If you receive those forms in the mail, please complete them and return them to the U.S. Marshals Service. Failure to do so may result in the dismissal of your case. If you paid the fees for your case, the Clerk's Office will issue summonses to you, and you are responsible for serving the defendants in this case in the manner and time described in Federal Rule of Civil Procedure 4. Please note that if you are suing the United States, its agencies, corporations, officers, or employees, you must comply with Federal Rule of Civil Procedure 4(i).

**Contacting the Court**: Do not send documents directly to the District Judge or Magistrate Judge assigned to your case. All documents must be filed with the Clerk of Court at one of the following addresses:

Clerk of Court, EDPa
James A. Byrne U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106

Clerk of Court, EDPa
Edward N. Cahn U.S. Courthouse &
Federal Building
504 W. Hamilton Street
Allentown, PA 18101

You may file documents in your case in person at the above address or by mail. If you would like permission to file documents electronically, you must file a motion seeking permission from the Judge assigned to your case. *See* Local Rule 5.1.2(4)(b). If you are given permission to file electronically, the Judge may terminate your electronic filing privileges if you abuse the system by excessive filings, either in number or length.

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CASE NO. 19-356 |
| v. | : |
| | : |
| ANDREW M. BERKOWITZ | : |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S PRO SE HABEAS PETITION

The United States of America, by its attorneys, William M. McSwain, United States Attorney, and M. Beth Leahy and Anthony D. Scicchitano, Assistant United States Attorneys, hereby respond in opposition to defendant's pro se petition under 28 U.S.C. § 2241 seeking to withdraw his guilty plea based on claims of legal and factual innocence; coercion; and ineffective assistance of counsel.

For reasons explained below, Section 2241 is not applicable. And, even if the Court construed Berkowitz's petition as a motion to withdraw his guilty plea, Berkowitz cannot prevail. Berkowitz has not provided a fair and just reason to withdraw his counseled guilty plea which the Court determined he entered knowingly, intentionally, and voluntarily, and was supported by a sufficient factual basis. Berkowitz offers nothing that controverts the Court's findings. His petition should be denied in its entirety.

**I.  Factual Background.**

On June 27, 2019, an indictment was unsealed charging the defendant with 19 counts of healthcare fraud, in violation of 18 U.S.C. § 1347, and 23 counts of distribution of Schedule II

1

>76873-067⇔
Mike Berkowitz
5024 Odessa RD
Brwyn Heights, MD 20740
United States

76873-067⇔
Mike Berkowitz
5024 Odessa RD
Brwyn Heights, MD 20740
United States

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 19-356 |
| | : |
| ANDREW BERKOWITZ | : |

**ORDER**

**AND NOW**, this 9th day of July, 2020, it is hereby **ORDERED** that the Government shall Respond to Defendant's *pro se* Habeas Petition (attached) **no later than July 23, 2020**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Crim. No. 19-356 |
| | : | Civ. No. 20-cv-3351 |
| | : | |
| ANDREW BERKOWITZ | : | |

## O R D E R

On July 6, 2020 Defendant Andrew Berkowitz—who is currently awaiting sentencing—filed a self-styled Habeas Petition pursuant to 28 U.S.C. § 2241, to which the Government has responded. (20-cv-03351, Doc. No. 1; 19-cr-0356, Doc. No. 79.) The core of Defendant's argument appears to be that he is dissatisfied with his privately-retained counsel, and wishes to withdraw his guilty plea. (20-cv-03351, Doc. No. 1.)

Defendant filed his Petition on a separate civil docket without paying the requisite filing fees. In any event, any habeas challenge is premature, as Defendant has not yet been sentenced. See Stone v. United States, No. CV 19-21052 (SDW), 2019 WL 6696281, at *1 (D.N.J. Dec. 9, 2019); Hoover v. Anderson, No. CV 20-715 (SRC), 2020 WL 525925, at *2 (D.N.J. Jan. 31, 2020); Gov't of Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970); see also Reese v. Warden Philadelphia FDC, 904 F.3d 244, 245 (3d Cir. 2018) ( "[A] federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief.")

Defendant has also filed a "Motion for Preliminary Injunction," which is unintelligible and offers no plausible basis for me to grant relief of any kind. (20-cv-03351, Doc. No. 4.) I will thus deny Defendant's *pro se* Motions.

Defendant hired his lawyer, and is free to replace him with another lawyer. Presumably,

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 19-356 |
| | : Civ. No. 20-cv-3351 |
| | : |
| ANDREW BERKOWITZ | : |

## O R D E R

**AND NOW**, this 21st day of August, 2020, it is hereby **ORDERED** that Defendant's Motion for Reconsideration (20-cv-03351, Doc. No. 7) of my July 28, 2020 Order (20-cv-03351, Doc. No. 5) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

Certification of Service

I Keith Dougherty do hereby certify a copy of the foregoing was mailed per the prison mailbox system as follows "postage prepaid." The Government's Copy is available by ECF.

Clerk of Court ED Pa
601 Market Street
RM 2609
Philadelphia, PA 19106

_____  9/16/20
Keith Dougherty (76873-067)
FDC
PO BOX 562
Philadelphia, PA 19105

Supplement as per 28 USC § 2242 Par. 3,   20-CV-4177

Time requirements, "jurisdictional" as per 28 USC § 2243
<sub>1</sub>

D. Case Management Track Designation Form. Each civil case will be assigned to one of the following tracks *(Appendix I)*:

1.*Habeas Corpus.* Cases brought under 28 U.S.C. § 2241 through § 2255.

Clerk of Court ED Pa

Judge Freda Wolfson      "A Judge Cannot Grant more Time
601 Market Street         to respond 28 USC § 2243";
RM 2609

Philadelphia, PA 19106

We have had a "minor miracle" where Andrew Berkowitz found a Typewriter Ribbon even though the commisary is still out for the 7th week.

Additionally, A Federal Judge has just "determined the executive orders of Govenor Wolfe "are a violation of the United States Constitution"", see "Speedy trial act Covid-19";

This is "miraculous" due to the fact that Judge Conolly says Chief Judge Conner's "speedy trial act violation" is not capable of review "so long as Covid-19 prevents gatherings";

Reviewing Keith Dougherty's motion for "video hearings" docketed by the court 5/18/2020 at Pp. 3-4, during the same time frame "a determination was made"???

The "criminal element" related to HABEAS "18 USC § 2076" and the Connolly court "staff" is revealed in the false doctrine promoted in the E.D. pro se Notice approved by Chief Judge Sanchez "1/21/2019 in violation of 28 USC § 2071(b) and 28 USC § 2072(b)";

Page 4 of 5 Paragraph 2 indicates clerks, magistrates, and judges "cannot provide legal advice";

However as in Keith Dougherty's "motion for reconsideration of ECF 66, 9/12/2019" [that Judge Connolly indicated "he could not decipher" Judge Conolly "made an ass out of himself indicating HABEAS "could not be utilized pre-trial" and now Judge Diamond in ECF 5 "says exactly the same thing without any jurisdiction" to "violate the constitution""; see also ECF 115???

Again based on "the Idiot Squad's Understanding of field pre-emption Murphy v. NCAA p. 23, you probably do not realize when Congress adoppted 28 USC § 1654 "person is off limits"; See Justice Ginsburg's Unanimous opinion "details" attached. the Government "has defaulted" 20-CV-4177";

localfdr

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

E.D. Pa. Pro Se Notice, *approved by Chief Judge Sánchez on January 21, 2019*

```
Lozman v. Riveria Beach "Scam" 19-CR-140;
```

**Sending Documents to Opposing Parties**: All pleadings and other papers submitted to the Court must be served on opposing counsel for all other parties, or directly on any parties representing themselves (proceeding *pro se*). Service may be made by mail. You must let the Clerk know that you served your papers on the other parties by completing a certificate of service showing the date and manner of service and attaching it to the original of the documents and all copies before you send them to the Court. An example of a certificate of service by mail follows:

"I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).

_____

(Signature)"     "False Statements by Magistrate Burke's Secretary" [Inc.]

**Legal Advice:** The District Judges, Magistrate Judges, *Pro Se* Law Clerks and other Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues. However, Court staff can provide you with the proper forms and inform you of the status of your case. The Clerk of Court and other Clerk's Office staff do not have the authority to take any action with respect to your case unless a Judge or rule authorizes the Clerk to do so.

**Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Pennsylvania's Local Rules of Civil Procedure, which you can find on the Court's website. One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned to your case directs otherwise. If you need more time to respond to a motion or comply with a deadline, you must file a motion for an extension of time. If your case is transferred to another district, the local rules in that district will apply to your case.

**Discovery:** Please review Local Rule 26.1(f), which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." That means you must attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence before you ask the Court for help with discovery matters. You are responsible for sending your discovery requests to the opposing party or parties in your case. Please note that interrogatories, requests for production and inspection, requests for admission, and responses to discovery requests are generally not filed with the Court. *See* Local Rule 26.1.

**Appeals:** If you want to appeal the dismissal of your case, you must file a notice of appeal in your district court case. *See* Federal Rule of Appellate Procedure 3(a). For more information about

> **FORT BEND COUNTY, TEXAS, Petitioner v. LOIS M. DAVIS**
> **SUPREME COURT OF THE UNITED STATES**
> 139 S. Ct. 1843; 204 L. Ed. 2d 116; 2019 U.S. LEXIS 3891; 103 Empl. Prac. Dec. (CCH) P46,291; 27
> Fla. L. Weekly Fed. S 867
> No. 18-525.
> April 22, 2019, Argued
> June 3, 2019, Decided

**Notice:**

**The LEXIS pagination of this document is subject to change pending release of the final published version.**

**Editorial Information: Prior History**

{204 L. Ed. 2d 116} {2019 U.S. LEXIS 1}ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUITDavis v. **Fort Bend** Cty., 893 F.3d 300, 2018 U.S. App. LEXIS 16853 (5th Cir. Tex., June 20, 2018)

**Disposition:**
893 F.3d 300, affirmed.

**DECISION**
Title VII of Civil Rights Act of 1964's charge-filing requirement (in 42 U.S.C.S. §§ 2000e-5(e)(1), 2000e-5(f)(1)) that plaintiffs exhaust claims of employment discrimination with Equal Employment Opportunity Commission before filing suit in federal court was nonjurisdictional claim-processing rule.

**CASE SUMMARY**Title VII's charge-filing requirement, 42 U.S.C.S. § 2000e-5(e), was not jurisdictional but a mandatory processing rule, and an employer forfeited its argument of no jurisdiction over an employee's religious discrimination claim on the basis that the EEOC charge did not allege religious discrimination as the employer did not timely raise the issue.

**OVERVIEW:** HOLDINGS: [1]-Title VII's charge-filing requirement, 42 U.S.C.S. § 2000e-5(e), which spoke to a party's procedural obligations, was a mandatory processing rule, not a jurisdictional prescription delineating the adjudicatory nature of the courts; [2]-Accordingly, where a former employee filed an EEOC charge alleging sexual harassment and retaliation, and where she later handwrote religious discrimination on the intake questionnaire but did not make any change in the formal charge document, and where after several years of litigation, the employer asserted that the district court lacked jurisdiction over the religion-based claim as it was not stated in the EEOC charge, dismissal of the suit was properly reversed because Title VII's charge-filing requirement was not jurisdictional but a prudential prerequisite to suit, and the employer forfeited that claim because it did not timely raise it.

**OUTCOME:** Decision affirmed. Unanimous Court.

lecases                                                               1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

{139 S. Ct. 1844}Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U. S. C. § 2000e-2(a)(1). The Act instructs a complainant, before commencing a Title VII action in court, to file a charge with the Equal Employment Opportunity Commission (EEOC or Commission). § 2000e5(e)(1), (f)(1). On receipt of a charge, the EEOC is to notify the employer and investigate the allegations. § 2000e5(b). The Commission may ``endeavor to eliminate [the] alleged unlawful employment practice by informal methods of . . . conciliation." *Ibid.* The EEOC also has first option to ``bring a civil action" against the employer in court. § 2000e5(f)(1). But the Commission has no authority itself to adjudicate discrimination complaints. If the EEOC chooses not{139 S. Ct. 1845} to sue, and whether or not the EEOC otherwise acts on the charge, a complainant is entitled to a ``right-to-sue" notice 180 days after the charge is filed. *Ibid.*; 29 CFR § 1601.28. On {204 L. Ed. 2d 121}receipt of the right-to-sue notice, the complainant may commence a civil action against her employer. § 2000e5(f)(1).

Respondent Lois M. **Davis** filed a charge against her employer,{2019 U.S. LEXIS 2} petitioner **Fort Bend County**. **Davis** alleged sexual harassment and retaliation for reporting the harassment. While her EEOC charge was pending, **Fort Bend** fired **Davis** because she failed to show up for work on a Sunday and went to a church event instead. **Davis** attempted to supplement her EEOC charge by handwriting ``religion" on a form called an ``intake questionnaire," but she did not amend the formal charge document. Upon receiving a right-to-sue letter, **Davis** commenced suit in Federal District Court, alleging discrimination on account of religion and retaliation for reporting sexual harassment.

After years of litigation, only the religion-based discrimination claim remained in the case. **Fort Bend** then asserted for the first time that the District Court lacked jurisdiction to adjudicate **Davis'** case because her EEOC charge did not state a religion-based discrimination claim. The District Court agreed and granted **Fort** Bend's motion to dismiss **Davis'** suit. On appeal from the dismissal, the Court of Appeals for the Fifth Circuit reversed. Title VII's charge-filing requirement, the Court of Appeals held, is not jurisdictional; instead, the requirement is a prudential prerequisite to suit, forfeited{2019 U.S. LEXIS 3} in **Davis'** case because **Fort Bend** had waited too long to raise the objection.

*Held:* Title VII's charge-filing requirement is not jurisdictional. Pp. ___ - ___, 204 L. Ed. 2d, at 124-128.

(a) The word ``jurisdictional" is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction). *Kontrick v. Ryan*, 540 U. S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867. A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised. *Eberhart v. United States*, 546 U. S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14. But a mandatory rule of that sort, unlike a prescription limiting the kinds of cases a court may adjudicate, is ordinarily forfeited if not timely asserted. *Id.*, at 15, 126 S. Ct. 403, 163 L. Ed. 2d 14. Pp. ___, 204 L. Ed. 2d, at 124.

(b) Title VII's charge-filing requirement is a nonjurisdictional claim-processing rule. The requirement is stated in provisions of Title VII discrete from the statutory provisions empowering federal courts to exercise jurisdiction over Title VII actions. The charge-filing instruction is kin to prescriptions the Court has ranked as nonjurisdictional--for example, directions to raise objections in an agency rulemaking before asserting{2019 U.S. LEXIS 4} them in court, *EPA v. EME Homer City Generation, L. P.*, 572 U. S.

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

489, 511512, 134 S. Ct. 1584, 188 L. Ed. 2d 775, or to follow procedures governing copyright registration before suing for infringement, *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 157, 130 S. Ct. 1237, 176 L. Ed. 2d 18. Pp. ___, 204 L. Ed. 2d, at 126.

893 F.3d 300, affirmed.

**Counsel**   **Colleen E. Roh Sinzdak** argued the cause for petitioner.
  **Raffi Melkonian** argued the cause for respondent.
  **Jonathan C. Bond** argued the cause for the United States, as amicus curiae, by special leave of court.
**Judges:** Ginsburg, J., delivered the opinion for a unanimous Court.

Opinion

**Opinion by:**   GINSBURG

> The Government "in 17-CV-1541 (MD PA) is "in default";
>
> and in 20-CV-4177 "the Government is in default"";
>
> 28 USC § 1652 "requires the court to use Pennsylvania's" moreprotective "Article I Section 1, 2, 14, 17, 25, and 26";
>
> 28 USC § 1657 "required the idiot Connolly" to clear his docket and "forward the HABEAS" to "the clerk";
>
> he says "because he is incompetent he did not realize HABEAS" could not be suspended, and even if his "9/12/2019 or-al order" was "unconstitutional" because "he lacks mens rea" he and his staff "should not be indicted"";
>
> Elonis v. US says "you do not need to know" conduct is criminal "for jurisdiction to exist"... it is only required that "you had ACTUS REUS";
>
> He "did not want Keith Dougherty to have "equal protections"" with the Government Attorneys "because Judge Jordon had identified Keith Dougherty as "vexatious""; see 15-1123 under Wilson v. Sellers... an Ongoing Hobbs Act Conspiracy to save Simbraw v. US "as unlawfully expandedby Rowland v. Men's Colony Dicta"; Where "local rules committees "have no legis-lative" jurisd-iciton to indicate "corporations and associations have no Federal Statutory Rights" see motion for hearings" page 6, The Court has rejected the argument that... corporations or other associations should be treated differently under the First Amendment [see United Mine Workers v. Illinois Bar p. 222 (1967)]... because such associations are no "natuiral persons" (citations omitted) 558 U.S. 343;

lecases

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



U.S.M.S.
X-RAY

Clerk of court EDPa
601 Market Street
Rm 2609
Phila, PA 19106

Keith Dougherty (76873-067)
FDC
Po Box 562
Philadelphia, PA 19105