In The District Court of The United States
For The Eastern District of Pennsylvania

| | |
|---|---|
| United States | : |
| v. | : 19-CR-00356 |
| | : |
| Andrew Berkowitz | : |

Motion to Dismiss as per 18 USC § 3161

And now comes Andrew Berkowitz pro se and files a motion to dismiss "with prejudice" pursuant to "The Speedy Trial Act" 18 USC § 3161;

### Standard of Review

If a district court enters a continuance order without either stating the factual basis for excluding time under the Act or using language that includes it, the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight. Id. ("We reaffirm ... that an ends of justice continuance ... cannot be entered nunc pro tunc..."); United States v. Reese [917 F.3d 182];

As per the Psych evaluation... the amount of excludable days is limited to 10 days "for transport";
United States v. Williams, 917 F.3d 195 (3rd Cir 2019);

### Stipulated Facts

1. As of 7/1/2020 Andrew Berkowitz "filed a habeas" petition under 28 USC § 2241(c)(3) seeking a "dismissal of the indictment related to the Pennsylvania Double Jeopardy Clause "citing the Pennsylvania Supreme Court Precedent in Smith"";

2. As of 7/6/2020 Notice was provided to the Government by way of ECF;

3. Pursuant to 28 USC § 2243 the Government's Response was due by 7/9/2020 unless "for goodcause more time was requested" and no request was made;

1

4. As of 7/1/2020 Petitioner filed an affidavit pursuant to 28 USC § 144 "disqualifying Judge Diamond" as to assignment to the HABEAS "docketed as 20-CV-3351";

5. As of 7/15/2020 "petitioner filed in the prison mailbox system" for default purusant to 28 USC § 2242 & 28 USC § 2243;

6. As of 7/28/2020 Judge Diamond filed an order "without tribunal" or "subject matter jurisdiction" to "dismiss the habeas as premature", as a "misreading of AEDPA";

7. As of 8/13/2020 "petitioner" in 20-CV-3351, filed in the prison mailbox system a motion for reconsideration filed in the civil docket as of 8/18/2020;

8. As of 8/21/2020 "the motion was denied without any jurisdiction";

9. As of 8/19/2020 a motion to withdraw as counsel was held where the removal of NEFF "was denied" and Judge Diamond in-dicated Andrew Berkowitz "was not capable in assisting in his own defense" indicating "a need for a psych evaluation";

10. Pursuant to "long established Circuit Precedent" the maximum amount of time for "transport" is 10 days;

### Argument

As 28 USC § 2241(c)(3) is the required statute if a "petitioner in Federal Custody claims his detenation is in violation of the Constitution", and 28 USC § 2243 "requires a "response in 3 days""unless "for good cause more time is granted not to exceed 20 days", the Response is Jurisdictionally out of time, and under Bowles v. Russell not even the [Supreme] Cour[t] can extend the time, the

2

Government was "required to inform the Judge" they have defaulted and "agree to the withdraw of the guilty plea", along with the "separation of charges", with "any drug" charge to be tried first. Instead the Government sought to convinceJudge Diamond "there was no subject matter jurisdiction".

The Default "was received long before the Government's response was filed", and "never made its way into the Civil Docket 20-CV-3351" as a Federal Crime under 18 USC § 2076; -Under no circumstance can the "speedy trial clock be denied" as having begun as of 7/15/2020, with a maximum of excluded time being 10 days" under United States v. Williams 917 F.3d 195 (3rd Cir 2019); As such the "42 Count indictment must be dismissed"; As more than 70 Days.

## Conclusion

Under 18 USC § 3161 "there is no discretion as to the dismissal of the "indictment", the only issues is [with] or without prejudice". Based on the HABEAS default and its criminal treatment "with prejudice" is proper.

_____
Andrew Berkowitz (77307-066)
FDC
PO BOX 562
Philadelphia, PA 19105

_____
Keith Dougherty (76873-067) [Friend Church of Philadelphia]
FDC
PO BOX 562
Philadelphia, PA 19105

3

Clerk of Court 3rd Cir
601 Market Street
Philadelphia, PA 19106

To Whom it may concern;

Please find attached a copy of "requested transfer" related to HABEAS Petition of Andrew Berkowitz, for concurrent jurisdiction as under Burket II related to a remedy as the "Government has defaulted", and the Judge Assigned to "the related criminal case" refuses, to accept "a Double Jeopardy Clause Claim" must proceed under 28 USC § 2241(c)(3), and when he initially refused to docket the the Petition, a copy had been mailed to the 3rd Cir "directly" maintaining "concurrentjurisdiction" where Judge Diamond "has now violated the speedy trial clause" while trying to "extort a different outcome".

_____
Andrew Berkowitz (77307-066)
FDC
PO BOX 562
Philadelphia, PA 19105

CC: District Court Clerk
20-CV-3351

ECF 9 Forwarded with;
No Business Envelopes
"Available"

## Certification of Service

I Keith Dougherty do hereby certify a copy of the foregoing was served by First Class mail in the prison mailbox system with the Government to receive its copy by ECF;

Distric Court Clerk ED Pa
601 Market Street
RM 2609
Philadelphia, PA 19106

*[signature]*

Keith Dougherty (76873-067)
FDC
PO BOX 562
Philadelphia, PA 19105



Keith Dougherty (78873-067)
FDC
PO Box 562
Phila., PA 19105

1 of 1

District Court Clerk EDPa
601 Market St
Rm 2609
Phila, PA 19106

PHILADELPHIA PA 190
1 OCT 2020 PM 8 L